| | | |
|---|---|---|
| DAVID YUHOUSE, by and through Stephanie Furtney, his mother and next friend, | ) ) ) | |
| | ) | Civil Action No. 08-1131 |
| Plaintiff, | ) | |
| | ) | Judge Flowers Conti |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| PRODUITS DE PISCINE, INC., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL

On December 16, 2008, the magistrate judge issued an order questioning whether the Court possessed federal subject-matter jurisdiction in this case based on a complete diversity of citizenship between plaintiff and the multiple defendants. *See* Dec. 16th Order (Doc. 12) at 1 (noting plaintiff's reliance on 28 U.S.C. § 1332(a); plaintiff's status as Pennsylvania resident; and his naming of other Pennsylvania citizens as defendants). Although a purported Canadian citizen also has been named as a defendant, the magistrate judge highlighted that the "complete diversity" requirement applies with equal force to those provisions of Section 1332(a) addressing "citizens or subjects of a foreign state." *See* Dec. 16th Order at 1-2 (citations and internal quotations omitted). Thus, plaintiff was ordered to show cause as to why this case should not be dismissed for lack of federal subject-matter jurisdiction. *See id.* at 2.

In response, plaintiff does not deny that Pennsylvania citizens were named as defendants and reiterates that one of the defendants is a purported Canadian citizen; he claims that said defendant is subject to *in personam* jurisdiction here; that "items manufactured and distributed"

by said defendant "are subject to the NAFTA treaty[,] which may require special treatment"; and that "[i]njuries sustained [as a result of] defective consumer products" are the subject of reporting requirements under federal regulations. *See* Pl.'s Resp. (Doc. 15) at ¶¶ 1, 3-5.

Even assuming plaintiff's statements are true, they have no bearing on whether the complete diversity requirement has been met. Plaintiff has failed to identify any legal authority warranting deviation from the longstanding principle that, under 28 U.S.C. § 1332(a), "no plaintiff can be a citizen of the same state as any of the defendants." *See* Dec. 16th Order at 1 (citing and quoting Grand Union Supermarkets of Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003)).

Given the lack of complete diversity reflected on the face of the complaint, and plaintiff's failure to identify any other basis for the exercise of federal subject-matter jurisdiction, this case is **DISMISSED** without prejudice for the plaintiff to refile in state court or any other appropriate forum.

IT IS SO ORDERED.


January 7, 2009                                    s/Joy Flowers Conti
                                                   Joy Flowers Conti
                                                   United States District Judge


cc (via email):

J. Allen Roth, Esq.
John V. DeMarco, Esq.
Joseph L. Orszulak, II, Esq.